1  APALLA U. CHOPRA (S.B. #163207)
   achopra@omm.com
2  BENJAMIN J. KIM (S.B. #233856)
   bjkim@omm.com
3  JILLIAN R. WEINSTEIN (S.B. #266439)
   jweinstein@omm.com
4  O'MELVENY & MYERS LLP
   400 South Hope Street
5  Los Angeles, CA 90071-2899
   Telephone: (213) 430-6000
6  Facsimile: (213) 430-6407

7  Attorneys for Defendant
   Becker Professional Development Corp.
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  KAMRAN RAFIZADEH,                    Case No. LACV11-5297 MMM(PLA)
    individually and behalf of all those
13  similarly situated,                  NOTICE OF REMOVAL OF
                                         DEFENDANT BECKER
14              Plaintiff,               PROFESSIONAL DEVELOPMENT
                                         CORP.
15       v.
                                         (28 U.S.C. §§ 1331 and 1441(a), (b),
16  BECKER PROFESSIONAL               and (c))
    DEVELOPMENT CORP., an Illinois
17  Corporation; and DOES 1 to 100,      (Los Angeles County Superior Court
    inclusive                           Case No. BC461349)
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

---

1   **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

2   **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO**

3   **PLAINTIFF AND PLAINTIFF'S ATTORNEY OF RECORD:**

4

5           Pursuant to 28 U.S.C. § 1446(a), defendant Becker Professional

6   Development Corporation (hereinafter "Becker" or "Defendant") hereby invokes

7   this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441(a), (b),

8   and (c) and states the following grounds for removal:

9

10         1.     This removal involves a civil putative class action wherein Plaintiff

11   Kamran Rafidzadeh ("Plaintiff"), on behalf of himself and a class of similarly

12   situated persons, seeks compensatory and other damages and relief according to

13   proof at trial against Becker.  Plaintiff has alleged claims for violation of the federal

14   Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, for alleged non-payment of

15   overtime wages, as well as claims for alleged violations of the California Labor

16   Code (including failure to provide meal breaks and rest periods, failure to pay

17   wages upon termination, failure to provide accurate itemized wage statements,

18   failure to pay overtime, conversion and wrongful termination in violation of public

19   policy).  Plaintiff also alleges a derivative claim for violation of California Business

20   and Professions Code § 17200.

21         2.     On May 25, 2011, Becker received by certified mail the Complaint, a

22   true and correct copy of which is attached hereto as Exhibit A.  Plaintiff brought the

23   action, which arises from an alleged employment relationship between Plaintiff and

24   Becker, in the Superior Court of the State of California, County of Los Angeles,

25   styled and captioned exactly as above, and assigned Case No. BC461349.

26         3.     This Notice of Removal has been filed within 30 days after the receipt

27   of the Complaint by Becker, and since no other defendants have been served, the

28   requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days of receipt of

the Complaint by the first defendant has been satisfied.  In addition, this Notice of Removal has been filed within one year of the commencement of the action in state court as required by 28 U.S.C. § 1446(b).  Therefore, this Notice of Removal has been timely filed. *See Perez v. General Packer, Inc.*, 790 F. Supp. 1464 (C.D. Cal. 1992).

4.      This Court has subject matter jurisdiction over all the claims alleged in this action pursuant to 28 U.S.C. § 1441 because this case could have been filed originally in this Court pursuant to the federal question jurisdiction conferred by 28 U.S.C. § 1331.  Supplemental jurisdiction exists with respect to any remaining claims, pursuant to 28 U.S.C. § 1367.

## I.      FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION AND BASIS FOR REMOVAL.

5.      Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because the Complaint alleges claims arising under federal law.  Specifically, Plaintiff alleges that Becker failed to pay proper wages for all hours worked in violation of the FLSA, 29 U.S.C. § 207.  (Ex. A, Complaint ¶¶ 7, 13, 17, 19 & 20.)  Pursuant to 28 U.S.C. § 1331, Federal District Courts shall have original jurisdiction of all civil actions arising under the laws of the United States.

6.      Pursuant to 28 U.S.C. § 1367(a), this Court may exercise supplemental jurisdiction over Plaintiff's remaining state law causes of action.  28 U.S.C. § 1367(a) provides that:  "[I]n any civil action of which the district courts shall have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Thus, once a district court has jurisdiction over a federal claim, it may exercise supplemental jurisdiction over "state-law claims

2

'deriving from a common nucleus of operative fact.'" *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 588 (2005) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).)

7.     Plaintiff's state law causes of action arise from the same basic set of facts as Plaintiff's federal claim — Plaintiff's allegations are all based on his alleged employment relationship with Defendant, specifically whether Plaintiff was accurately paid by Becker in compliance with law.  (Ex. A, Complaint ¶ 5.) Accordingly, Plaintiff's state law causes of action form part of the same case or controversy under Article III of the United States Constitution and are subject to supplemental jurisdiction.

8.     Thus, pursuant to 28 U.S.C. §§ 1331, 1367 (a), and 1441(a) and (b), this state court action may be removed to Federal District Court in that federal question jurisdiction exists.

## II.     VENUE.

9.     Plaintiff's state court action was commenced in the Superior Court of the State of California for the County of Los Angeles and, pursuant to 28 U.S.C. §§ 84(c) and 1446 (a), (b) and (c), may be removed to this United States District Court for the Central District of California, which embraces Los Angeles within its jurisdiction.

## III.     CONCLUSION.

10.     For the reasons discussed herein, pursuant to 28 U.S.C. §§ 1331 and 1441(a), (b) and (c), this state court action may be removed to Federal District Court.

NOTICE OF REMOVAL OF DEFENDANT BECKER PROFESSIONAL DEVELOPMENT CORP.

1           WHEREFORE, Becker requests that this action be brought to this

2    Court, and that this Court exercise its jurisdiction in the premises.

3

4        Dated:  June 24, 2011.         O'MELVENY & MYERS LLP
                              APALLA U. CHOPRA

5                                  BENJAMIN J. KIM
                              JILLIAN R. WEINSTEIN

6

7                            By: _____

8                                  Apalla U. Chopra
                              Attorneys for Defendant

9                                  Becker Professional Development Corp.

10

11   1174825

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

4

NOTICE OF REMOVAL OF DEFENDANT BECKER PROFESSIONAL DEVELOPMENT CORP.

Exhibit  A

 CT Corporation

**Service of Process Transmittal**
05/25/2011
CT Log Number 518576223

**TO:** Irma Velazquez
Devry Inc.
3005 Highland Parkway
Downers Grove, IL 60515-5799

**RE:** **Process Served in Illinois**

**FOR:** Becker Professional Development Corporation (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kamran Rafizadeh, individually and behalf of all those similarly situated, Pltf. vs. Becker Professional Development Corp., etc. and Does 1 to 100, inclusive, Dfts. <br> *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Instructions, Attachment(s), Proposed Order |
| **COURT/AGENCY:** | Los Angeles - Superior Court, CA <br> Case # BC461349 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action Complaint for Unlawful Business Practices, Unpaid Wages, etc. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/25/2011 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | 30 calendar days after service |
| **ATTORNEY(S) / SENDER(S):** | Henry M. Lee, Law Corporation <br> 3530 Wilshire Blvd. <br> Suite 1710 <br> Los Angeles, CA 90010 <br> 213-382-0955 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/25/2011, Expected Purge Date: 05/30/2011 <br> Image SOP <br> Email Notification, Gregory S. Davis gsdavis@devry.com <br> Email Notification, Irma Velazquez ivelazquez@devry.edu <br> Email Notification, Amanda Slusher aslusher@devry.edu |
| **SIGNED:** | C T Corporation System |
| **PER:** | Thad DiBartelo |
| **ADDRESS:** | 208 South LaSalle Street <br> Suite 814 <br> Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BECKER PROFESSIONAL DEVELOPMENT CORP., an Illinois
Corporation; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KAMRAN RAFIZADEH, individually and behalf of all those similarly
situated

**CONFORMED COPY
OF ORIGINAL FILED**
Los Angeles Superior Court

**MAY 11 2011**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar pera su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California, Los Angeles, Central District<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 461349** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Henry M. Lee, Bar No.: 156041          3530 Wilshire Boulevard, Suite 1710, Los Angeles, CA 90010
HENRY M. LEE, LAW CORPORATION          TEL:(213) 382-0455     FAX: (213) 382-0956

**DATE:**
*(Fecha)*     **MAY 11 2011**     Clerk, by _____ **Shaunya Wesley** , Deputy
                                  *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* BECKER PROFESSIONAL DEVELOPMENTAL CORP., AN ILLINOIS CORPORATION

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

[SEAL]

1 | Henry M. Lee, Bar No. 156041
2 | Robert Myong, Bar No. 262097
HENRY M. LEE, LAW CORPORATION
3530 Wilshire Boulevard, Suite 1719
3 | Los Angeles, California 90010
(213) 382 -0955
4 | (213) 382-0956 Facsimile

5 | Attorneys for Plaintiff
Kamran Rafizadeh

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

**MAY 1 1 2011**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

KAMRAN RAFIZADEH, individually )
and behalf of all those similarly situated, )
)
    Plaintiff, )
)
vs. )
)
)
BECKER PROFESSIONAL )
DEVELOPMENT CORP., an Illinois )
Corporation; and DOES 1 to 100, )
inclusive, )
)
    Defendants. )
_____ )

CASE NO.:  **B C 4 6 1 3 4 9**

**CLASS ACTION COMPLAINT FOR DAMAGES:**

1. **UNFAIR COMPETITION;**
2. **LABOR CODE VIOLATIONS;**
3. **UNLAWFUL DISCRIMINATION;**
4. **CONVERSION**

Plaintiff KAMRAN RAFIZADEH, individually and on behalf of all those similarly situated (collectively "Plaintiff"), hereby complains, alleges and avers as follows:

## GENERAL ALLEGATIONS

    1.  Plaintiff is an individual residing in Los Angeles County, California and was a former employee of Defendant identified herein.

    2.  Plaintiff is informed and believes and based thereon alleges that Defendant BECKER PROFESSIONAL DEVELOPMENT CORP. doing business using the names BECKER PROFESSIONAL REVIEW and other similar names is a an Illinois corporation duly organized in the State of Illinois with its principal places of business in the County of Los Angeles, California. Plaintiff alleges each of said Defendants, including the unknown Defendants

1
**Class Action Complaint**

1  identified as DOES, directly or indirectly controlled or affected the working conditions, wages,

2  working hours, and conditions of employment of Plaintiff and all others similarly situated so as

3  to make each of said Defendants employers and liable as employers under the statutory

4  provisions set forth herein (collectively "Defendants").

5    3.  The true names and capacities, whether individual, corporate, associate, or otherwise, of

6  defendants designated as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

7  who therefore sue said defendants by such fictitious names.  Each of the DOE defendants co

8  conspired with or is otherwise legally responsible in some manner for the acts, omissions, events

9  and happenings which proximately caused damages to Plaintiff, as herein alleged.  Plaintiff will

10  ask leave of court to amend this Complaint to allege their true names and capacities when the

11  same have been ascertained.

12    4.  At all times mentioned herein, Defendants, and each of them, were the agents,

13  representatives, employees, co conspirators, successors and/or assigns, each of the other, and

14  were acting within the course and scope of their authority as such agents, representatives,

15  employees, co conspirator, successors and/or assigns, and each Defendant ratified and approved

16  the acts of its, his or her agent, and/or that of the remaining Defendants, and each of them.

17  Plaintiff further alleges to the extent any Defendant is a separate business entity, that there

18  existed such a unity of interest and commonality of control, including possible commingling of

19  funds, lack of adequate capitalization, failure to maintain proper books and records, and

20  additional omissions, there truly is no separation or distinction between the individual and the

21  entity.  Plaintiff alleges the entities were nothing more than mere instrumentalities, shells and

22  alter egos of each of the individual defendants such that adherence to the fiction of a separate

23  entity should be ignored and the entities treated as though they were one and the same as the

24  individuals and vice versa.

25    **CLASS ACTION ALLEGATIONS:**

26    5.  The class that Plaintiff represents is composed of current and former non-exempt

27  employees of the Defendants, who were employed by Defendants within the State of California

28  and nationwide in various states within the past four years, who were not properly paid their

wages and are entitled to penalties and additional wages as set forth below.  Plaintiff alleges that he and others similarly situated worked as class room facilitators, preparing, organizing, reporting, overseeing and handling Defendant's provision of professional test preparation courses to the public.  The class is compromised of the following classes of non-exempt employees who were acted as class room facilitators, paid and improperly treated as independent contractors and victims of the following conduct committed by the Defendants:

a. All employees who worked overtime hours, whether more than 8 hours per day, or 40 hours per week, who were not paid overtime rates for all overtime hours worked, and all employees who worked days and weekends and other work hours which were not compensated at the statutory minimum wage rate or overtime rate, or who were instructed that certain hours did not constitute independent contractor hours for which compensation would issue;

b. All employees who worked more than five hours in a day and were not permitted to take a statutory meal break within that first five hours of work;

c. All employees who were not permitted to take uninterrupted statutory meal periods during which they were relieved of all duties;

d. All employees who were not permitted to take two statutory meal periods during days in which they worked 10 or more hours;

e. All employees who worked more than four hours and were not permitted to take a statutory rest period within the first four hours of a day's work;

f. All employees who were not permitted to take uninterrupted statutory rest periods during which they were relieved of all duties;

g. All employees who worked 8 or more hours per day and were not permitted to take two statutory rest periods within that 8 hour period;

h. All employees who were paid wages without a proper accounting of their wages in compliance with Labor Code Section 226;

i.   All employees who were terminated or who resigned from their employment with the Defendants, and who were not paid all of their wages due at the time of termination or within 72 hours of resignation;

6.   Plaintiff is informed and believes the persons in the class are so numerous, being in excess of fifty individuals just within the State of California, and possibly several hundred class members nationwide, that the joinder of all such persons is impracticable, and disposition of their claims as a class will benefit all parties and the court.

7.   There is a well-defined commonality of interest in the questions of law and fact involving and affecting the class members to be represented.  Within that overall class, Plaintiff further alleges Defendants and each of them improperly treated Plaintiff and other similarly situated persons as independent contractors, instead of as non exempt employees, and treated Plaintiff and others as exempt from payment of overtime wages and failed to pay class members minimum wages for all hours worked, overtime wages in violation of the California Labor Code, as well as the Fair Labor Standards Act.  Plaintiff also alleges that by improperly treating their nonexempt employees as contractors,  Defendants and each of them further violated the California Labor Code and applicable Industrial Welfare Commission Order and provisions of the Fair Labor Standards act by failing to provide statutory mandated meal breaks and rest periods and failing to properly document hours worked and rates of pay. Plaintiff alleges that Defendants on a class-wide basis failed to provide each of their employees, regardless of exemption status, a proper accounting of wages paid in violation of Labor Code Section 226 and provisions of the Fair Labor Standards Act.

8.   The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the class, and the relief sought is typical of that which could be sought by each member of the class in separate actions.

9.   Plaintiff will fairly and adequately represent and protect the interests of  all members of the class as their claims are identical to those of the class.  Further, Plaintiff's counsel is qualified to act as class counsel and has been approved to act as class counsel in several prior class action lawsuits.

10.   The prosecution of separate actions by individual members of the plaintiff class would create a risk of inconsistent and/or varying adjudications with respect to   Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

11.   Pursuant to California Labor Code section 218, Plaintiff may bring a civil action for overtime wages, other unpaid wages, and related statutory penalties (limited to penalties which the employees could collect for themselves, not civil penalties to be collected by the State Labor Workforce Development Agency)  directly against the employer without first filing a claim with the Department of Labor Standards Enforcement.

## FIRST CAUSE OF ACTION

## (Unlawful Business Practices in Violation of Bus.&Prof. Code Section 17200 et seq. Against all Defendants)

12. Plaintiff incorporates paragraphs 1 to 11 as though set forth in full herein.

13. Plaintiff alleges that Defendants and each of them engaged in numerous unlawful and deceptive activities in violation of the most basic of labor standards, including treating employees as independent contractors, failing to pay for all hours worked in violation of Labor Code Section 510 and the applicable Industrial Welfare Commission Order, Fair Labor Standards Act and statutory minimum wage regulations, failing to pay for missed meal and rest periods in violation of Labor Code Section 226.7 and the applicable Industrial Welfare Commission Order, failing to provide an accurate accounting of wages in violation of Labor Code Section 226, failing to maintain records of employees hours and wages in violation of Labor Code Section 226 and other applicable code sections, including the applicable Industrial Welfare Commission Order, Fair Labor Standards Act, and as further set forth in Paras. 5- 7. Plaintiff alleges that Defendants' unlawful conduct afforded each of them the ability to unfairly compete against other businesses that did comply with the law because Defendants' violations of the State and Federal wage and hour laws permitted them to avoid paying their employees for all hours worked, avoid paying missed meal and rest periods, and to hide such misconduct from their employees.  In so doing, Defendants were able to reduce their labor costs which Plaintiff alleges translated into cost

1    savings and higher profits for Defendants from being able to compete with their competitors

2    unlawfully.

3          14.    Plaintiff alleges that as a direct and proximate cause of Defendants' and each of their

4    unlawful business practices, Defendants have unlawfully withheld wages from Plaintiff and all

5    those similarly situated in an amount to be proven at the time of trial. Plaintiff alleges that

6    Defendants and each of them are in possession of all documents and information relative to

7    Plaintiff damages and all others similarly situated, and because Plaintiff do not have such

8    possession, Plaintiff are unable to provide a more accurate accounting of damages at this time.

9          15.    Plaintiff and on behalf of those similarly situated, request restitution of unpaid wages,

10    related statutory penalties, and all other relief as the Court may deem proper, according to proof

11    and interest on all unpaid wages, pursuant to statute.

## SECOND CAUSE OF ACTION

### (Unpaid Wages and Related Penalties Against All Defendants)

14          16.    Plaintiff hereby incorporates paragraphs 1 through 15 as though set forth in full

15    herein.

16          17.    Plaintiff alleges that within three years prior to filing of this action, pursuant to the

17    provisions of the California Code of Regulations and the applicable Industrial Welfare

18    Commission Order, Defendants and each of them were required to compensate Plaintiff and all

19    those similarly situated, for overtime wages at the rate of 1.5 times the regular hourly rate of pay

20    for hours worked in excess of 8 hours per day or 40 hours per week, and overtime wages at twice

21    the regular rate of pay for hours worked in excess of 12 hours per day, and over 8 hours on a

22    seventh consecutive work day.  Plaintiff alleges that Defendants and each of them violated the

23    Labor Code, violated the Industrial Welfare Commission Order as well as applicable provisions

24    of the Fair Labor Standards Act failed to pay Plaintiff for all hours worked, and overtime wages

25    for all hours worked which would qualify for overtime wages.  Plaintiff further alleges

26    Defendants and each of them failed to fully compensate Plaintiff for all hours worked.  Rather,

27    Defendants incorrectly labeled Plaintiff an independent contractor and an incorrect and

28    inadequate amount was paid for overtime hours, or the overtime hours were not paid at all or

1    were paid at a regular rate rather than the overtime rate.  Pursuant to the provisions of Labor

2    Code Section 510 and the California Code of Regulations and applicable Industrial Welfare

3    Commission Order, Plaintiff and all those similarly situated are entitled to recover overtime

4    wages at the applicable rates of overtime pay, including double overtime, for all hours which

5    constitute compensable statutory overtime hours.  Plaintiff, for himself and for all those similarly

6    situated, seeks recovery of all unpaid wages, overtime wages at the applicable hourly and

7    overtime wage rates, including all related statutory penalties, including liquidated damages,

8    interest and other damages, as proven at the time of trial.  Plaintiff also seeks the recovery of

9    attorneys fees pursuant to Labor Code Section 1194 and applicable provisions of the .

10       18.    Plaintiff alleges that within three years prior to filing of this action, pursuant to the

11   provisions of the Labor Code and applicable Industrial Welfare Commission Order as outlined

12   above, Defendants and each of them had knowledge that they were required to pay overtime

13   wages, but willfully failed to pay Plaintiff and all those similarly situated all overtime wages due,

14   and premium wages arising from Defendants' failing to permit Plaintiff to take their proper meal

15   breaks and rest periods.  Plaintiff's employment was terminated on or about September 20, 2009,

16   and within the past three years, similarly situated employees were also terminated and/or

17   resigned, at which time, Defendants willfully failed to pay Plaintiff and all those similarly

18   situated all of the unpaid overtime and premium wages due.  By failing to timely pay said wages

19   upon termination or resignation of each Plaintiff and other similarly situated employees.

20   Defendants who are adjudicated to be Plaintiff' employer at the time of termination, and each of

21   them are liable pursuant to Labor Code Section 203 in an amount equal to 30 days of each

22   Plaintiff's and/or other similarly situated employee's per diem wage rate or in an amount to be

23   determined at the time of trial, including interest thereon.

24       19.    Plaintiff alleges that within three years prior to filing of this action, pursuant to the

25   provisions of the Labor Code and applicable Industrial Welfare Commission Order and Fair

26   Labor Standards Act, Defendants and each of them were required to provide Plaintiff and all

27   those similarly situated with an accounting with each wage payment containing information as

28   required by Labor Code Section 226 *et seq.*, which information includes but is not limited to the

7

**Class Action Complaint**

13

1  identification of the employer, number of hours worked, the rates of pay for said hours, and tax

2  withholdings.  Plaintiff alleges that Defendants and each of them willfully failed to provide their

3  employees with the requisite accounting as required by the Labor Code and applicable Industrial

4  Welfare Commission Order.  By failing to provide said accounting, Defendants and each of them

5  are liable to Plaintiff and all those similarly situated  for penalties of $50 for the initial pay period

6  in which the violation occurred and $100 for each subsequent pay period, for each employee, all

7  in an amount to be determined at the time of trial, including interest thereon together with

8  reasonable attorney's fees and costs of suit.  Plaintiff also seeks indemnification from Defendants

9  and each of them for all income tax liability and related damages incurred by Plaintiff and all

10  those similarly situated who were treated as independent contractors and whose taxes were not

11  withheld.

12      20.      Plaintiff further alleges that Defendants and each of them violated the provisions of

13  the Labor Code, Industrial Welfare Commission Order, and Fair Labor Standards Act, by failing

14  to permit Plaintiffs and others similarly situated with meal breaks and rest periods during each

15  mandated interval and for the amounts mandated for a full day's worth of hours.  Plaintiff and all

16  those similarly situated are therefore entitled to recovery of meals and rest periods wages, of one

17  hour's worth of wages for missed meal breaks and one hour's worth of wages for missed rest

18  periods.

19                    **THIRD CAUSE OF ACTION**

20      **(Wrongful Termination in Violation of Public Policy Against All Defendants)**

21      21.      Plaintiff hereby incorporate paragraphs 1 through 20 as though set forth in full herein.

22      22.      Plaintiff alleges that he had and has statutory rights to proper payment of his wages,

23  and to all benefits arising from status as an employee.  In or about Summer of 2009, Plaintiff

24  protested to Defendants and each of them that he was working significant hours without being

25  properly paid overtime.  Plaintiff requested that he be paid the according 1.5 times and 2.0 times

26  his hourly rate for overtime hours that Plaintiff worked.  Plaintiff also requested to be issued

27  paystubs with withholdings.

28

23.     In response to Plaintiff's request for proper payment of wages Defendants and each of them responded by first reducing Plaintiff's work hours, and then ultimately terminated Plaintiff from his employment.  On or about September 20, 2009, Plaintiff was terminated from his employment for no other reason aside from asking for proper payment of his wages and compliance with the statutes for proper payment of wages.

24.     As a direct and proximate result of Defendant's and each of their conduct, Plaintiff has suffered damages, including but not limited to lost earnings, tax liabilities, lost overtime wages, lost related missing meal and rest period wages, and pain and suffering.  Plaintiff alleges that in committing the acts complained of herein, Defendants and each of them acted with malice and oppression.  Specifically, Defendants' termination of Plaintiff's employment constituted a knowing violation of the California Labor Code prohibition against reprimanding an employee for seeking proper payment of wages, including acts constituting criminal violations.  Plaintiff therefore requests the imposition of punitive damages against Defendants and each of them.

## FOURTH CAUSE OF ACTION

### (Conversion Against All Defendants)

25.     Plaintiff hereby incorporate paragraphs 1 through 24 as though set forth in full herein.

26.     Plaintiff alleges that based on Defendants conduct, classifying Plaintiff as an independent contractor and paying Plaintiff less than what was actually earned, keeping the proceeds for themselves, Defendants and each of them have exercised unlawful control and dominion over Plaintiff's and all those similarly situated wages.  Plaintiff alleges that the information from which the amount converted by Defendants can be derived is exclusively in the possession of the Defendants.  However, the amount converted can and is a specific amount which can be quantified based on the Defendants' records.

27.     Plaintiff therefore seeks damages in the sum of all unpaid wages which were converted from Plaintiff's wages.  Plaintiff also alleges that Defendants in committing the acts complained of herein acted with fraud, malice and oppression in that Defendants' conduct constituting conversion was criminal conduct as defined by the Labor Code.  Plaintiff therefore requests the imposition of punitive damages against Defendants and each of them.

9

**Class Action Complaint**

WHEREFORE, PLAINTIFF PRAYS FOR DAMAGES AGAINST

ON THE FIRST CAUSE OF ACTION:

    1.  For restitution of all unpaid wages and interest;

ON THE SECOND CAUSE OF ACTION:

    1.  For compensatory damages in an amount to be proven at trial;

    2.  For all statutory penalties and interest, including liquidated damages, but solely restricted to those statutory penalties which Plaintiff and each class member can recover on a personal basis, not those penalties for which the Labor Workforce Development Agency could collect;

ON THE THIRD CAUSE OF ACTION:

    1.  For compensatory damages in an amount to be proven at trial;

    2.  For punitive damages;

ON THE FOURTH CAUSE OF ACTION:

    1.  For compensatory damages in an amount to be proven at trial, which specific amount is within the knowledge of the Defendants and each of them who retain the records from which the amount can be ascertained;

    2.  For punitive damages.

ON ALL CAUSES OF ACTION:

    1.  For attorneys fees as permitted in any cause of action for which a statute or contract may authorize recovery of attorneys fees;

    2.  For all just and reasonable relief as the court deems appropriate;

    3.  For costs of suit

DATED: April 25, 2011           HENRY M. LEE, LAW CORPORATION

                By: _____
                    Henry M. Lee
                    Robert Myong
                    Attorneys for Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

*BC461349*

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| *Pending Assignment* | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Willliam F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | Hon. Emilie H. Elias* | 324 | CCW | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

### *Class Actions

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk
By_____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)                    **NOTICE OF CASE ASSIGNMENT –**                    Page 1 of 2
LASC Approved  05-06                              **UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15 days** after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

**Partially Funded by the Los Angeles County Dispute Resolution Program**
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May <u>Not</u> Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May <u>Not</u> Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California**
**County of Los Angeles**



**Los Angeles County**
**Bar Association**
**Litigation Section**

**Los Angeles County**
**Bar Association Labor and**
**Employment Law Section**



**Consumer Attorneys**
**Association of Los Angeles**



**Southern California**
**Defense Counsel**



**Association of**
**Business Trial Lawyers**



**California Employment**
**Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
　　　　　(INSERT DATE)　　　　　　　　　　　　　　　　(INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____　　　➤　_____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　(ATTORNEY FOR PLAINTIFF)
Date:

_____　　　➤　_____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　(ATTORNEY FOR DEFENDANT)
Date:

_____　　　➤　_____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　(ATTORNEY FOR DEFENDANT)
Date:

_____　　　➤　_____
　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　(ATTORNEY FOR DEFENDANT)
Date:

_____　　　➤　(ATTORNEY FOR _____)
　　　　(TYPE OR PRINT NAME)
Date:

_____　　　➤　(ATTORNEY FOR _____)
　　　　(TYPE OR PRINT NAME)

_____　　　➤　(ATTORNEY FOR _____)
　　　　(TYPE OR PRINT NAME)

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):  
FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
       (TYPE OR PRINT NAME)

Date:

➤ _____
      (ATTORNEY FOR PLAINTIFF)

_____
       (TYPE OR PRINT NAME)

Date:

➤ _____
      (ATTORNEY FOR DEFENDANT)

_____
       (TYPE OR PRINT NAME)

Date:

➤ _____
      (ATTORNEY FOR DEFENDANT)

_____
       (TYPE OR PRINT NAME)

Date:

➤ _____
      (ATTORNEY FOR DEFENDANT)

_____
       (TYPE OR PRINT NAME)

Date:

➤ _____
     (ATTORNEY FOR _____)

_____
       (TYPE OR PRINT NAME)

Date:

➤ _____
     (ATTORNEY FOR _____)

_____
       (TYPE OR PRINT NAME)

Date:

➤ _____
     (ATTORNEY FOR _____)

_____
       (TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____

_____
JUDICIAL OFFICER



CERTIFIED MAIL

7009 1410 0003 1331 7004

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

HENRY M. LEE, LAW CORPORATION
3530 WILSHIRE BLVD., SUITE 1710
LOS ANGELES, CALIFORNIA 90010

CT Corporation System
208 So La Salle St. Suite 814
Chicago, IL 60604

| | |
|---|---|
| 1 | Henry M. Lee, Bar No. 156041 |
| | Robert Myong, Bar No. 262097 |
| 2 | HENRY M. LEE, LAW CORPORATION |
| | 3530 Wilshire Boulevard, Suite 1719 |
| 3 | Los Angeles, California  90010 |
| | (213) 382 -0955 |
| 4 | (213) 382-0956 Facsimile |

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 02 2011

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

5   Attorneys for Plaintiff
    Kamran Rafizadeh

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | | |
|---|---|---|
| KAMRAN RAFIZADEH, individually and behalf of all those similarly situated, | ) ) ) | **CASE NO.:   BC461349** [Assigned to Hon. Emilie H. Elias, Dept. 324] |
| Plaintiff, | ) ) | **NOTICE OF COURT ORDER** |
| vs. | ) ) ) | |
| BECKER PROFESSIONAL DEVELOPMENT CORP., an Illinois Corporation; and DOES 1 to 100, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) | |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the above entitled action, previously assigned to Judge

Emilie H. Elias of Department 324 at the Central Civil West Courthouse, is now assigned to

Judge Rita Miller in Department 16 at the Stanely Mosk Courthouse for all future purposes.

Attached to this notice is a copy of the court's notice.

DATED:        June 1, 2011                    HENRY M. LEE, LAW CORPORATION

                                              By: _____
                                                  Robert Myong
                                                  Attorneys For Plaintiff

1
Notice of Court Order

31

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 05/25/11 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS        JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE            Deputy Sheriff | NONE | Reporter· |

| | | |
|---|---|---|
| 8:30 am | BC461349 | Plaintiff Counsel |
| | KAMRAN RAFIZADEH | NO APPEARANCES |
| | VS | Defendant |
| | BECKER PROFESSIONAL DEVELOPMENT CORP | Counsel |
| | NON-COMPLEX (05-25-11) | |

**NATURE OF PROCEEDINGS:**


COURT ORDER


This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge Rita Miller in Department 16 at
Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 16 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 324 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.


                    CLERK'S CERTIFICATE OF MAILING/
                     NOTICE OF ENTRY OF ORDER


                    Page    1 of   2    DEPT. 324

| |
|---|
| MINUTES ENTERED 05/25/11 COUNTY CLERK |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/25/11                                                          **DEPT.** 324

HONORABLE EMILIE H. ELIAS                JUDGE | A. MORALES            DEPUTY CLERK

HONORABLE                             JUDGE PRO TEM |                  ELECTRONIC RECORDING MONITOR

          NONE                         Deputy Sheriff | NONE                     Reporter

---

| 8:30 am | BC461349 | | Plaintiff | |
| | | | Counsel | |
| | KAMRAN RAFIZADEH | | | NO APPEARANCES |
| | VS | | Defendant | |
| | BECKER PROFESSIONAL DEVELOPMENT | | Counsel | |
| | CORP | | | |

NON-COMPLEX (05-25-11)

---

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
05-25-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 05-25-11

John A. Clarke, Executive Officer/Clerk

By: _____**KIN HILAIRE**_____
          K. HILAIRE


HENRY M. LEE LAW CORPORATION
Henry M. Lee, Esq.
3530 Wilshire Boulevard, Suite 1719
Los Angeles, California  90010

06/03/11

Page   2 of   2   DEPT. 324

MINUTES ENTERED
05/25/11
COUNTY CLERK

## PROOF OF SERVICE

I am employed in the County of Los Angeles, California.  I am over the age of 18 years and not a party to the within action.  My business address is **3530 Wilshire Blvd, Suite 1710, Los Angeles, CA 90010**.  On **June 1, 2011**, I mailed the foregoing document described as:

**NOTICE OF COURT ORDER**

on the parties in this action by mail by placing a true copy thereof in a sealed envelope addressed as follows:

Becker Professional Development Corp.
208 So. La Salle St., Suite 814
Chicago, IL 60604

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  The above envelope was sealed and place for collection and mailing on the above date following our ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **June 1, 2011** at Los Angeles, California.

**(X)** (State)I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( ) (Federal)I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Diana Kang
Name

Signature

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV11- 5297 MMM (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Kamran Rafizadeh (individually and on behalf of all others similarly situated) | Becker Professional Development Corp. (and DOES 1 through and including DOES 100) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)  (See Attachment) | Attorneys (If Known)  (See Attachment) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. Section 207(a) - alleged failure to pay overtime

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty  ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

LACV11-5297

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware; Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date June 24, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

2

## DEFENDANT BECKER PROFESSIONAL DEVELOPMENT CORP.'S

## ATTACHMENT TO CIVIL COVER SHEET

3

4

5

### CIVIL COVER SHEET SECTION I(b):

6

**Attorneys for Plaintiff:**

7

Henry M. Lee
LeeLawCorp@aol.com
Robert Myong
HENRY M. LEE, LAW CORPORATION
3530 Wilshire Boulevard, Suite 1719
Los Angeles, California 90010
Tel:  (213) 382-0955
Fax:  (213) 382-0956

8

9

10

11

**Attorneys for Defendant Becker Professional Development Corp.:**

12

Apalla U. Chopra
achopra@omm.com
Benjamin J. Kim
bjkim@omm.com
Jillian R. Weinstein
jweinstein@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Tel:  (213) 430-6000
Fax:  (213) 430-6407

13

14

15

16

17

18

1174839

19

20

21

22

23

24

25

26

27

28